UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE BRAVO and DELVIS ORTIZ,

               Plaintiffs,

v.

SILVA GROUP CONSTRUCTION, INC.,
ADELINO AGOSTINHO and SILVIA
PEREIRA,

               Defendants.

Case No. _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs JORGE BRAVO and DELVIS ORTIZ, by and through the undersigned counsel, hereby sue Defendants SILVA GROUP CONSTRUCTION, INC., ADELINO AGOSTINHO and SILVIA PEREIRA and state as follows:

### CAUSES OF ACTION

1.      This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, et. seq., Article X, Section 24, Florida Constitution and Florida contract law.

### PARTIES

2.      Plaintiff Bravo, at all material times, was employed by Defendants and resides in Pinellas County, Florida.

3.      Plaintiff Ortiz, at all material times, was employed by Defendants and resides in Pinellas County, Florida.

4.      Defendant Silva Group Construction, Inc. ("Defendant Silva") is a Florida Corporation with a principal address of 4960 NW 165th St., Unit B-1, Miami Gardens, Florida.

5. Defendant Adelino Agostinho ("Defendant Agostinho") is an owner and Director of Construction of Defendant Silva and resides in Miami-Dade County, Florida.

6. Defendant Silvia Pereira ("Defendant Pereira") is an owner and President of Defendant Silva and resides in Miami-Dade County, Florida.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. §216(b) because this action involves a federal question under the Fair Labor Standards Act (FLSA).

8. Venue is proper in the United States District Court for the Middle District of Florida because Defendants conduct business in, and all of the events giving rise to Plaintiffs' claims occurred in Pinellas County and Hillsborough County which are within the Middle District of Florida.

9. Venue is proper in the Tampa Division under Local Rule l.02(b)(5) since the action accrued in the Florida counties of Pinellas and Hillsborough.

## GENERAL ALLEGATIONS

10. Defendants are engaged in the business of construction throughout the state of Florida.

11. At all times material hereto, Defendant Silva was "an enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) and therefore is a covered employer subject to the wage and hour requirements of the FLSA including the payment of minimum and overtime wages to non-exempt employees.

12. At all times relevant, Defendant Silva had annual gross revenues of at least $500,000.00.

13.     At all times relevant, Defendant Silva employed two or more individuals who handled materials that were manufactured outside of the state of Florida and moved through interstate commerce.

14.     At all times relevant, Defendant Silva employed two or more individuals who utilized power tools and machinery that was manufactured outside of the state of Florida and moved through interstate commerce.

15.     Through the exercise of dominion and control over all employee related matters, including pay policies of Defendant Silva, Defendants Agostinho and Pereira, in their individual capacities, were, at all times relevant, employers within the meaning of 29 U.S.C. § 203(d) of the FLSA.

16.     By virtue of being covered employers under the FLSA, the Defendants are considered employers subject to the minimum wage requirements of Article X, Section 24, Florida Constitution.

17.     Pursuant to an offer letter of employment, Defendant Silva hired Plaintiff Ortiz as a Superintendent on or about February 28, 2018. A true and correct copy of the offer letter is attached hereto as **Exhibit A**.

18.     Plaintiff Ortiz's was hired at an annual salary of $88,400.00.

19.     Pursuant to an offer letter of employment, Defendant Silva hired Plaintiff Bravo as a Project Engineer on or about April 10, 2018.  A true and correct copy of the offer letter is attached hereto as **Exhibit B**.

20.     Plaintiff Bravo's initial annual salary was $55,000.00 which was raised to $65,000 on or about August 8, 2018.

21.     Plaintiffs were paid on a bi-weekly basis.

22.     Per the offer letters of employment, Defendant Silva promised each of the Plaintiffs two (2) weeks of paid vacation per year (accrued at a rate of 6.67 hours per month) plus seven (7) paid holidays.

23.     Defendants Agostinho and Pereira exercised full control over Plaintiffs' wages, hours, and working conditions.

24.     Plaintiffs performed all work for Defendants within the Florida counties of Pinellas and Hillsborough.

25.     For multiple workweeks, Defendants failed to pay Plaintiffs their full contractual wages.

26.     Defendant Silva currently owes Plaintiff Bravo $6,250.00 in unpaid contractual wages.

27.     Defendant Silva currently owes Plaintiff Ortiz $5,100.00 in unpaid contractual wages.

28.     In addition, Defendants failed to pay Plaintiffs their accrued paid leave following their separation from employment.

29.     Plaintiff Ortiz is owed accrued paid vacation of $1,700.85.

30.     Plaintiff Bravo is owed accrued paid vacation of $2,300.00.

31.     For multiple workweeks, Defendants failed to pay Plaintiffs wages of any kind, let alone their promised salaries.

32.     For said workweeks, Defendants violated Article X, Section 24, Florida Constitution by failing to pay Plaintiffs at least the Florida minimum wage for each hour worked.

33.     For said workweeks, Defendants violated the FLSA by failing to pay Plaintiffs at least the federal minimum wage for each hour worked.

34.    Throughout their employment with Defendants, Plaintiffs generally worked in excess of forty (40) hours per week.

35.    Plaintiffs were misclassified by Defendants as FLSA exempt employees and therefore were not paid overtime compensation (at time and one half their regular hourly rates) for hours worked in excess of forty (40) in a workweek.

36.    Defendants violated the FLSA by failing to pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) hours.

37.    Plaintiffs have retained the undersigned counsel to bring the instant action for which costs and attorneys' fees have been incurred and will continue to be incurred for said representation.

**COUNT I**
**(Breach of Contract - Unpaid Wages; against Defendant Silva)**

38.    Plaintiffs reallege and adopt, as if fully set forth in Count I, the allegations in paragraphs 1 through 38.

39.    Defendant Silva was contractually obligated to pay Plaintiff Ortiz an annualized salary of $88,400.00 which was to be paid bi-weekly.

40.    Defendant Silva was contractually obligated to pay Plaintiff Bravo an annualized salary of $65,000.00 which was to be paid bi-weekly.

41.    All conditions precedent to Plaintiffs' receipt of their contractually agreed salaries for the workweeks at issue were met.

42.    Defendant Silva's has breached its contractual obligations to Plaintiffs such that Plaintiffs have been damaged in the way of unpaid employment compensation.

WHEREFORE, Plaintiffs demand judgment against Defendant Silva for their unpaid contractual compensation plus prejudgment interest, together with the costs of suit and reasonable

attorney's fees (pursuant to Fla.Stat., Section 448.08), and such other and further relief that the Court deems just and proper.

## COUNT II
### *(Breach of Contract - Accrued Vacation Pay; against Defendant Silva)*

43.    Plaintiffs reallege and adopt, as if fully set forth in Count II, the allegations in paragraphs 1 through 38.

44.    Defendant Silva contractually agreed to provide Plaintiffs two (2) weeks of paid vacation per year which accrued at a rate of 6.67 hours per month.

45.    Defendant Silva was required to payout to Plaintiffs any accrued vacation upon separation from employment.

46.    Plaintiffs accrued paid vacation leave for which they have not been compensated.

47.    All conditions precedent to Plaintiffs' receipt of their accrued vacation pay were met.

48.    Defendant Silva has breached its contractual obligations to pay Plaintiffs for their accrued paid vacation such that Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment against Defendant Silva for their unpaid contractual vacation pay plus prejudgment interest, together with the costs of suit and reasonable attorney's fees (pursuant to Fla.Stat., Section 448.08), and such other and further relief that the Court deems just and proper.

## COUNT III
### *(Failure to Pay Minimum Wages in violation of Article X, Section 24, Florida Constitution - all Defendants)*

49.    Plaintiffs reallege and adopt, as if fully set forth in Count III, the allegations in paragraphs 1 through 38.

50.     Plaintiffs were entitled to be paid at least the applicable Florida minimum wage for all hours worked during their employment with Defendants.

51.     For multiple workweeks, Defendants willfully failed to pay Plaintiffs at least the Florida minimum wage for all hours worked.

52.     Defendants owe Plaintiffs unpaid Florida minimum wages plus an additional amount in the way of liquidated damages equal to the amount of unpaid minimum wages.

53.     Defendants did not make a good faith effort to comply with Art. X, Sec. 24 respect to their compensation of Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against all of the Defendants, jointly and severally, for unpaid Florida minimum wages plus equal amounts in the way of liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to Art. X, Sec. 24), and such other and further relief that the Court deems just and proper.

## COUNT IV
### (*Failure to Pay Minimum Wages in violation of the FLSA - all Defendants*)

54.     Plaintiffs reallege and adopt, as if fully set forth in Count IV, the allegations in paragraphs 1 through 38.

55.     The FLSA requires that every covered employer shall pay each of their non-exempt employees the applicable minimum wage. 29 U.S.C. § 206(a).

56.     Plaintiffs were entitled to be paid at least the applicable federal minimum wage for all hours they worked during their employment with Defendants.

57.     For multiple workweeks, Defendants willfully failed to pay Plaintiffs at least the federal minimum wage for all hours worked.

58.     Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

59.     Defendants owe Plaintiffs their unpaid federal minimum wages plus additional amounts in the way of liquidated damages equal to their respective unpaid minimum wages.

WHEREFORE, Plaintiffs demand judgment against all of the Defendants, jointly and severally, for unpaid minimum wages plus equal amounts in the way of liquidated damages, prejudgment interest together with the costs of suit, reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper

### COUNT V
*(Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. Section 207 - All Defendants)*

60.     Plaintiffs reallege and adopt, as if fully set forth in Count IV, the allegations in paragraphs 1 through 38.

61.     During the relevant time period, Defendants routinely required Plaintiff to work in excess of forty (40) hours in a workweek.

62.     In violation of the FLSA, Defendants willfully failed to pay Plaintiffs at time and one-half their regular hourly rates for each hour worked in excess of forty (40) hours in a workweek.

63.     As a direct result of Defendants' violation of the FLSA, Plaintiffs have suffered damages in the way of unpaid overtime compensation.

64.     Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

65.     Plaintiffs are entitled to recover from Defendants the unpaid overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs demand judgment against all of the Defendants, jointly and severally, for unpaid overtime compensation, liquidated damages, prejudgment interest together

with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such

other and further relief that the Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiffs hereby demand a trial by jury as to all triable issues.

Dated this 7th day of August 2018.                    Respectfully submitted,

*s/ R. Michael Pierro, Jr.*

R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
mikepierro@rmpemploymentlaw.com
*Trial Counsel for Defendants*

**LAW OFFICE OF
R. MICHAEL PIERRO, JR., P.A.**
146 Second Street North – Suite 310
St. Petersburg, Florida 33701
(727) 201-2573 | (727) 491-7072 – Fax

and

Brian K. Calciano
Florida Bar No. 108879
brian@flemploymentlaw.com
*Trial Counsel for Defendant*

**BRIAN CALCIANO, P.A.**
146 Second Street North – Suite 310-DD
St. Petersburg, Florida 33701
(727) 202-4516 | 727-478-4580 – Fax